UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 3:00-CV-446-RLM-CAN |
| FIRST CHOICE MANAGEMENT SERVICES and GARY VAN WAEYENBERGHE, | ) ) ) ) | |
| Defendants. | ) ) | |

OPINION AND ORDER

This matter is before the court on the Receiver's Emergency Motion to Compel Production of Documents (Doc. No. 984) filed October 28, 2015. The motion concerns the refusal of Nona K. Roach and Agape & Associates, Inc. to comply with this court's orders obligating them to produce to the Receiver documents in their possession relating to oil leases knows as the Branson Energy Leases. The Receiver served a copy of the motion on Nona K. Roach and Agape & Associates, Inc. via commercial carrier on November 2, 2015. (Doc. No. 985). Neither Ms. Roach nor Agape has responded.

The Receiver's motion represents the latest of many attempts to recover information and documents related to the operations of the Branson Energy Leases. On January 7, 2014, this court issued an Order Approving [the Receiver's] Revised Budget and Liquidation Plan (Doc. No. 891). In it, the court ordered that the Branson Energy Leases be liquidated to satisfy the debt owned

by the Wilson Operating Company to the receivership. In a separate order issued that same day, the court denied the request of John W. Hannah and CRM Energy Partners, Inc., to intervene in these proceedings, (Doc. No. 892), and on March 18, 2014 denied their Motion for Reconsideration. (Doc. No. 912). On May 22, 2014, the court issued a Confirmation of Sale Order which ordered the following with regard to documentation related to the operation of the Leases:

> **Documentation Related to Operations of Branson Energy leases:** Any entity or person in possession or control of information pertaining to the operatorship or ownership of the Branson Energy leases, Branson Energy, or any of the equipment, chattels, fixtures, structures, and other related property, including all documentation regarding production from the Branson Energy leases, shall turn such information over to Wilson (or its agent or designee) within three (3) business days. If such information rightly belongs to Branson Energy, the originals of such information shall be turned over to Wilson or its designee or agent. Such request for information can be made orally or in writing, and, if this case is not yet closed, such a request may occur...*via* subpoena. The receiver has authority to enforce implementation of this provision on behalf of the parties to the transaction governed by this sale order. Enforcement of these provisions shall be at the cost (attorney fees and expenses) of the person(s) or entities interfering with the protections afforded in this paragraph.

(Doc. No. 922).

When Mr. Hannah and CRM failed to comply with their obligations under the Confirmation of Sale Order, the court issued a Writ of Assistance to enforce the order. (Doc. No. 947). When Nona Roach of Agape & Associates (Mr. Hannah and CRM's accountant and regulatory liaison) was personally served with the court's orders on November 4, 2014, both the Chief Deputy U.S. Marshal for the Northern District of Oklahoma and counsel for the Receiver explained to Ms. Roach her obligation to turn over to the Receiver all business records in her

possession. (*See* Affidavit of Carroll Allbery, Doc. No. 984-1, at ¶¶ 4-12; Affidavit of Rick Coody, Doc. No. 984-2 at ¶¶ 12-13). Ms. Roach refused to turn over any records at that time and indicated that she wanted to discuss the matter with her attorney first. (*See* Process Receipt and Return, Doc. No. 961). On November 10, 2014, the court issued another order enforcing the earlier sale order, making clear that "the terms of this order and the SALE ORDER are obligatory for any person with knowledge of the existence of the terms of the orders" and that "[i]t is imperative that all non-parties with notice comply with the provisions of these orders." (Doc. No. 957, at 5). On April 8, 2015, the court rejected the final arguments from Mr. Hannah and CRM as to why they should not have to produce the documents. The court noted that Mr. Hannah and CRM had "retained what they consider to be 'original documents that they are required by the [Bureau of Indian Affairs] to maintain while they are owners of record'" and ordered that they give at least copies of such records to the Receiver. (Doc. No. 975, at 16). The court then reiterated that:

> CRM Energy and Mr. Hannah must produce copies of any document in their possession or control that has information from 2002 to 2014 and is related to the following:
> - the production of the leases, including the production records maintained by the third-party vendor;
> - the expenses of the leases;
> - the financials related to the leases;
> - the use of the proceeds of the lease production;
> - the employees that worked on the leases;
> - the corporate business of the leases; and
> - the government regulation of the leases.

As already stated, CRM Energy and Mr. Hannah must also turn over copies of the documents the BIA requires them to maintain and documents related to their operatorship of the leases.

(Doc. No. 975, at 18-19).

Mr. Hannah and CRM then filed a notice relinquishing any right or title to the leases in question. (Doc. No. 978).

The Receiver still hasn't received the documentation that was the subject of the court's many prior orders. The representations by Mr. Hannah and CRM and the interactions between Ms. Roach and the Marshal and representatives of the Receiver on November 4, 2014 make clear that Ms. Roach and Agape & Associates, Inc. act as the regulator liaison, accountant and representative for Mr. Hannah and CRM in matters related to the ownership and operatorship of the Branson Energy Leases. As the court's prior orders make clear, any documentation in Ms. Roach or Agape's possession belongs to the Receiver. Among the documentation Mr. Hannah and CRM have withheld from the Receiver are BIA-required certified monthly oil and gas production reports as set forth in ¶¶ 35-37 of the Affidavit of Rick Coody, (Doc. No. 984-2), and other operating, tax and financial documentation in the possession and control of Mr. Hannah and CRM's third-party vendors, Ms. Roach and Agape. The Receiver needs these documents to be promptly produced, as the Bureau of Indian Affairs has afforded the Receiver's successor only until February 15, 2016 to complete remediation of the leases. The documents in the possession of Ms. Roach and Agape are necessary to pursue such remediation. It is crucial that the production

of documentation by Ms. Roach and Agape be inclusive of all federal and state tax returns with supporting documentation, be they personal, corporate, partnership or otherwise, which in any manner reflect income received from or otherwise attributable to the Branson Energy leases.

For the foregoing reasons the Receiver's Emergency Motion to Compel (Doc. No. 984) is GRANTED.

IT IS THEREFORE ORDERED that Nona K. Roach and Agape & Associates, Inc., 441 2nd Street, Avant, Oklahoma 74001, as the representative, accountant and regulatory liaison of John W. Hannah and CRM Energy Partners, Inc., shall within fourteen (14) days of the issuance of this Order deliver to counsel for the Receiver, Shawn F. Sullivan, at his offices located at 1717 Wayne Street, South Bend, Indiana 46615, at a time to be coordinated with attorney Sullivan, certain documents and/or electronically stored information which is inventoried.[1] and produced in an organized, Bates numbered, indexed, labeled, chronological, categorized manner and in a readily referenced and usable format,[2] the following:

I.    All records and/or documents of John W. Hannah and CRM Energy Partners, Inc., in their possession and/or control encompassing the period from January 1, 2002, to the current date pertaining to the operatorship

[1] There shall be a master inventory and index which facilitates the location of documents by category, Bates number, form number, date and other significant identifying characteristics.

[2] The protocol for production established herein applies to both documents and/or electronically stored information. All electronically stored information must be produced in a .pdf format and each electronic file must be produced with a concise, coherent and descriptive label

or ownership of the Branson Energy leases, Branson Energy, or any of the equipment, chattels, fixtures, structures and other related property, including all documentation regarding oil and gas production from the Branson Energy Leases.

II.     Any and all records and/or documents of John W. Hannah or CRM Energy Partners, Inc., in their possession and/or control encompassing the period from January 1, 2002, to the current date which are related to the following:

1.     The ownership and operatorship of the Branson Energy Leases;

2.     Oil and gas production of the Branson Energy Leases;

3.     All income derived from and associated with the production and sale of oil and gas from the Branson Energy Leases.

4.     All expenses incurred and otherwise associated with the production and sale of oil and gas from the Branson Energy Leases, including, but not limited to, production and payroll;

5.     All documentation which in any way reflects any interests, oil and gas or otherwise, acquired with proceeds from the sale of Branson Energy Lease assets (i.e., equipment, oil and gas production, etc.);

6.  All financial and banking records, including, but not limited to, check registers and account statements, related to the Branson Energy Leases;

7.  The use of all proceeds from production of the Branson Energy Leases;

8.  All work assignment, personnel and payroll records of employees or independent contractors who worked at or on the Branson Energy Leases;

9.  The corporate business records of the Branson Energy Leases;

10. All gatherers reports, payment received reports and other records created, generated or furnished by gatherers who worked at or on the Branson Energy Leases;

11. All records of governmental regulation, inclusive of BIA and EPA records, related to the Branson Energy Leases; and

12. All documentation required to be submitted, filed, recorded and/or maintained by the BIA and the EPA.

III.    All federal and state tax returns of John W. Hannah, CRM Energy Partners, Inc., or any other business entity, from January 1, 2002, to the current date with supporting documentation and schedules, be they individual, corporate, partnership or otherwise, which in any manner reflect income received, derived from or otherwise attributable to the

Branson Energy Leases. This is inclusive of, but not limited to, the individual returns of John W. Hannah which reflect schedules of business activity related to the Branson Energy Leases, income derived from such Leases and expenditures, including purchases of all property, both real and personal.

Any costs associated with the production, reproduction and delivery of the documentation which is the subject of this Order shall be solely that of Nona K. Roach and Agape & Associates, Inc.

IT IS FURTHER ORDERED that the Receiver shall serve this Order on Nona K. Roach and Agape & Associates, Inc., 441 2nd Street, Avant, Oklahoma 74001, via U.S. Mail, facsimile transmission, electronic mail or otherwise and file notice of service with the Clerk of this Court.

SO ORDERED.

ENTERED:  November 19, 2015

_____/s/ Robert L. Miller, Jr._
Judge
United States District Court