UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 3:00-CV-446-RLM-MGG |
| FIRST CHOICE MANAGEMENT SERVICES, INC., and GARY VAN WAEYENBERGHE, | ) ) ) ) | |
| Defendants, | ) ) | |
| JOSEPH D. BRADLEY, Receiver, | ) ) | |
| Judgement-Creditor, | ) ) | |
| NONA K. ROACH and AGAPE & ASSOCIATES, INC., | ) ) ) | |
| Judgment-Debtors. | ) | |

OPINION AND ORDER

Originally filed by the Securities and Exchange Commission, this case has been active for nearly two decades. Much of its extensive history can be omitted for purposes of addressing the order. The case centers around a Ponzi scheme constructed by Gary VanWaeyenberghe and committed through the entity First Choice Management Services. Money from the scheme ended up in various oil and gas leases in Oklahoma and, through a convoluted series of transactions involving multiple parties, Nona K. Roach and Agape & Associates Inc. ("Roach") came into possession of copies of records and documents concerning these leases. In 2000 the court appointed attorney Joseph Bradley as receiver with

instructions to recover as much as possible from the scheme. This required a production of records concerning the leases from Ms. Roach and others.[1] In 2014 the court sought assistance from Ms. Roach with regards to records in her possession but she refused to comply. A year later the court issued another order directing Ms. Roach to produce certain documents but she again refused to comply. In 2016 the court held Ms. Roach in civil contempt because of her noncompliance. The history of this litigation is rife with willful disregard with court orders [Doc. No. 1011].

In March 2019 the Receiver filed a motion for proceedings supplemental against Nona K. Roach and Agape & Associates, Inc. [Doc. No. 1126] in an attempt to recover an outstanding judgment. United States Magistrate Judge Michael Gotsch, Sr., determined that the Receiver still owned the January 26, 2016 monetary judgment this court rendered against Ms. Roach and others [Doc. No. 1128]. The magistrate judge found that she still owed a balance of $41.305.24 and that no action had been taken to satisfy such debt. Ms. Roach now moves to dismiss the motion to enforce the judgment against her [Doc. Nos. 1130, 1134, and 1138]. In response, Receiver has moved to strike Ms. Roach's motion to dismiss [Doc. No 1135] and moved for sanctions [Doc. No. 1136 and 1137]. For the following reasons, the court denies the motions.

Ms. Roach has filed three motions to dismiss the proceedings supplemental against her. To begin with, Ms. Roach's motions to dismiss are improper. Fed. R.

---

[1] For a more extensive summary of the litigation, see the courts January 26, 2016 Order and Opinion, pgs. 1 -15 [Doc. No. 1011].

Civ. P. 12 concerns pretrial and pre-judgment procedure. Fed. R. Civ. P. 12 isn't the proper mechanism under which Ms. Roach can challenge the judgment against her or the orders directing her to comply with the requirements of the judgment. Ms. Roach's proper course of remedy is either a direct appeal, which she hasn't done, or a motion for post-judgment relief under Fed. R. Civ. P. 60. Recognizing that Ms. Roach is proceeding without an attorney, the court construes her current motion as if it were made pursuant to Fed. R. Civ. P. 60.

While pro se filings are to be construed liberally, "even pro se litigants must follow the rules of civil procedure." Cunningham v. Foresters Fin. Servs., 300 F.Supp.3d 1004, 1012 (N.D. Ind. January 9, 2018); Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006). Ms. Roach makes no showing of any of the factors that could allow the court to grant relief under Rule 60. Instead, each of Ms. Roach's motions essentially attempt to relitigate a near two-decade old case and don't touch on any grounds outlined in section (b) of Rule 60 that would allow the court to grant her motions. Stoller v. Pure Fishing Inc., 528 F.3d 478, 480 (7th Cir. 2008) ("[a] Rule 60(b) motion is not a substitute for appeal.").

Whatever Ms. Roach feels about the disposition of the case doesn't relieve her of her obligations to comply with court orders. This behavior is not unfamiliar to the court – Ms. Roach has been previously chastised for engaging in improper filings [Doc. No. 1063] and has been held in civil contempt for non-compliance with court orders [Doc. No. 1011]. She has provided no reason under Rule 60 or under any other legal mechanism why this court's orders shouldn't bind her. Ms. Roach's motions to dismiss are therefore denied. Further noncompliance

may result in sanctions or finding of contempt. <u>In re McDonald</u>, 489 U.S. 180, 184 (1989) (quoting <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984) ("[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.")); <u>Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.</u>, 525 F.3d 533, 542 (7th Cir. 2008) (civil contempt is "a unique civil sanction because its aim is both coercive and compensatory.").

In response to Ms. Roach's dismissal motions, the Receiver has filed a motion to strike the motions to dismiss under Fed. R. Civ. P. 12(f). Ms. Roach didn't respond to this motion.

Under Rule 12(f) court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though generally disfavored, motions to strike serve the purpose of expediting and resolving as well as "remov[ing] unnecessary clutter from [a] case." <u>Art of Design, Inc. v. Pontoon Boat</u>, LLC, 2017 WL 5563401, at *1 (N.D. Ind. Nov. 17, 2017) (*citing* <u>Heller Financial, Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989)). "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." <u>Art of Design, Inc. v. Pontoon Boat, LLC</u>, 2017 WL 5563401, at *1 (*citing* <u>Fed. Nat'l Mortgage Ass'n v. Cobb</u>, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990)).

Both parties have filed redundant material with the court. Recent filings by the Receiver have contained word-for-word identical paragraphs; Ms. Roach has filed three motions to dismiss addressing a single issue. It cannot be said, however, that these filings are irrelevant or prejudicial. While not meritorious, Ms. Roach's motions challenging the proceedings supplemental aren't irrelevant. To the extent that the Receiver's filings attempt to address Ms. Roach's motions, the identical language is relevant to the issues pertinent to the case. Given that the court has denied Ms. Roach's motions and has directed her to comply with the court's March 26, 2019 order [Doc. No. 1128], the court denies the Receiver's motion to strike. The court further notifies both parties that Fed. R. Civ. P. 12(f) gives the court authority to strike any redundant or irrelevant and prejudicial proceeding summarily. Fed. R. Civ. P. 12(f)(1).

The Receiver has also filed an amended motion for sanctions under Fed. R. Civ. P. 11(b) and (c) and Fed. R. Civ. P. 37. Ms. Roach hasn't responded to this motion.

A court has "has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith" under Rule 11. Secrease v. W. & S. Life Ins. Co., 800 F.3d 397, 401 (7th Cir. 2015). "One of the purposes of Rule 11 'is to deter baseless filings in the district court.'" Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). "Rule 11 requires that an attorney or party, certify to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that any pleading presented to the

court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support." Jimenez v. Madison Area Tech. College, 321 F.3d 652, 656 (7th Cir. 2003); see also Brunt v. Serv. Emp. Int'l Union, 284 F.3d 715, 721 (7th Cir. 2002) ("Sanctions will be imposed if counsel files a complaint with improper motives or without adequate investigation.").

Ms. Roach must explain to the court why she shouldn't be sanctioned for her conduct. Her repeated noncompliance with court orders strongly suggest that today's motions are attempts to further stall the proper functions of the court and that Ms. Roach should be sanctioned. Nevertheless, the court will allow Ms. Roach an opportunity to respond before making a final determination. The court recognizes Ms. Roach's status as a pro se litigant, but she must provide a credible explanation to avoid sanctions. United States v. Dowell, 259 F.3d 694, 699 (7th Cir. 2001); Connolly v. J.T. Ventures, 851 F.2d 930, 932 (7th Cir. 1988).

This court should not be revisiting a near twenty-year old case. The end result of this most recent spree of filings has resulted in a fair amount of unnecessary matters that require the court's valuable energy and attention. Each successive filing further drains the already scarce judicial resources of this district. The public record is neither a clearinghouse for every grievance nor an open opportunity to continually relitigate long-decided issues. In the future, the court will use its discretionary authority to levy any sanction it deems necessary for behavior that impairs its Article III functions.

Based on the forgoing, Ms. Roach's motions to dismiss [Doc. Nos. 1130, 1134, and 1138] are DENIED. The court ORDERS Ms. Roach to show cause by July 15, 2019, as to why she should not be sanctioned and to comply with the court's March 26, 2019 order [Doc. No. 1128]. Ms. Roach is further ADMONISHED for her noncompliance with court orders and the court WARNS that further noncompliance may result in sanctions or being held in contempt.

Additionally, the Receiver's motion to strike [Doc. No. 1135] and amended motion for sanctions [Doc. No. 1137] are DENIED.

SO ORDERED.

ENTERED:  June 17, 2019

          /s/ Robert L. Miller, Jr.
          Judge, United States District Court