UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:00-CV-446-RLM-MGG ) |
| FIRST CHOICE MANAGEMENT SERVICES, INC., and GARY VAN WAEYENBERGHE, | ) ) ) ) ) |
| Defendants, | ) ) |
| JOSEPH D. BRADLEY, Receiver, | ) ) |
| Judgement-Creditor, | ) ) |
| NONA K. ROACH and AGAPE & ASSOCIATES, INC., | ) ) ) ) |
| Judgment-Debtors. | ) |

OPINION AND ORDER

The court and parties are familiar with the background of this case, *see* [Doc. No. 1140], so the court will include only that which is pertinent to today's ruling. In March 2019, the Receiver filed a motion for proceedings supplemental against Nona K. Roach and Agape & Associates, Inc. in an attempt to recover an outstanding judgment. The court found that Ms. Roach still owed a balance of $41.305.24 and ordered Ms. Roach to produce and serve upon Receiver's counsel documentation relating to the financial condition of and property owned by Ms.

Roach and Agape & Associates. Ms. Roach was to produce the documentation by April 25, 2019, but didn't do so.

The Receiver's motion for sanctions under Rules 11(b-c) and 37 is before the court. In her response, Ms. Roach provides several reasons for her noncompliance with the March 2019 order, again maintaining that she wasn't compensated for work product, and that her submission of records relating to the underlying case was timely. The other justifications that Ms. Roach provides include severe flooding on May 21, 2019 in the town in which she resides, employees who had their own flood related obligations, supporting and caring for family members, medical appointments, and the inability to find an attorney to assist her. Ms. Roach also asserts that as a pro se litigant, she does not understand the intricacies of the federal court system and so shouldn't be held to the standards provided in the Rules.

Discussion

Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." The court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

Ms. Roach seeks to justify her noncompliance with the March 2019 order by relitigating old issues, blaming flooding in the town in which she resides and

works, citing personal and familial obligations, and pointing out her pro se status and inability to obtain a lawyer. Ms. Roach's disagreement with the court's judgment doesn't relieve her of her obligation to comply with its orders. A flood that prevented Ms. Roach from accessing her office could provide substantial justification for her failure to produce the ordered records, but the flood occurred on May 21 and Ms. Roach was ordered to produce and serve the records by April 25, almost a month before the flooding occurred, and her employees' flood related obligation couldn't have arisen until the flood occurred. The flood doesn't provide justification for her failure to produce and serve the ordered records. Ms. Roach also cites many personal issues, such as family obligations and medical issues, as the justification for her noncompliance with the March 2019 order. The court has sympathy for Ms. Roach's circumstances, but they don't justify her many months of noncompliance. Finally, Ms. Roach reminds the court of her pro se status. "But being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will [willfully] disregard." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). The court made clear to Ms. Roach what was required of her, first in the March 26 order itself, and then in the June 17 order. Ms. Roach's status as a pro se litigant doesn't excuse her noncompliance. Ms. Roach hasn't provided the court with substantial justification for her noncompliance.

Nor has Ms. Roach shown that imposition of sanctions would be unjust. Ms. Roach has been chastised before for engaging in improper filings and has

been held in civil contempt for non-compliance with court orders, and she still hasn't complied with the order to produce the financial records. Given Ms. Roach's conduct in this case, the imposition of sanctions is not unjust.[1]

CONCLUSION

For the foregoing reasons, the court GRANTS the Receiver's Motion for Sanctions [Doc. No. 1137]. The court orders the Receiver to submit an itemized and verified statement of attorney fees by October 16, 2019.

SO ORDERED.

ENTERED: September 18, 2019.

/s/ Robert L. Miller, Jr.
Judge, United States District Court

---

[1] In light of the court's finding that sanctions are appropriate under Rule 37, the court need not address the Receiver's alternate request for sanctions under Rule 11.