UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 3:00-CV-446-RLM-MGG ) |
| FIRST CHOICE MANAGEMENT SERVICES, INC., and GARY VAN WAEYENBERGHE, | ) ) ) ) ) |
| Defendants, | ) ) |
| JOSEPH D. BRADLEY, Receiver, | ) ) |
| Judgement-Creditor, | ) ) |
| NONA K. ROACH and AGAPE & ASSOCIATES, INC., | ) ) ) ) |
| Judgment-Debtors. | ) |

OPINION AND ORDER

The court entered an order granting the Receiver's request for sanctions against Ms. Roach. Ms. Roach filed a motion protesting the imposition of sanctions. Because Ms. Roach filed her protest within 28 days of entry of the order for sanction, and because she is without counsel, the court construes her protest as a motion pursuant to Federal Rule of Civil Procedure 59(e). *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) and Banks v. Chicago Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been

a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006).

Ms. Roach has come forward with neither newly discovered evidence nor any manifest error. She doesn't try to point to newly discovered evidence or legal errors. Instead, Ms. Roach appears to allege several mistakes of fact by the court.

Ms. Roach first argues that she didn't fail to comply with a discovery order because there was a pending motion to dismiss, but "[f]iling a motion to dismiss does not automatically stay discovery, and the Court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss." Barker v. Kapsch TrafficCom USA, Inc., No. 1:19-cv-00987-TWP-MJD, 2019 U.S. Dist. LEXIS 102095, at *3 (S.D. Ind. June 18, 2019). Ms. Roach didn't file a motion to stay discovery, so no stay was granted. Ms. Roach next argues that the flooding wasn't properly considered in the timeline, but this argument rests upon the premise that the motion to dismiss excused her from complying with the court's discovery order. Ms. Roach also argues that she timely produced the documents "[a]lthough, not to the satisfaction of Counsel[.]" The documents she produced didn't just fail to satisfy the Receiver, they didn't comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i).

Finally, Ms. Roach says she had produced the documents at the time of the court's sanction order, so the court erred in writing that she hadn't. This might have been a technical error, but it was an error about a fact that wasn't central to the issue of sanctions. Additionally, evidence that she had produced the documents was not before the court at the time the court made its decision.

See Entm't, Inc. v. City of Northlake, No. 03 C 692, 2004 U.S. Dist. LEXIS 10255, at *8 (N.D. Ill. June 2, 2004).

Ms. Roach hasn't met her burden under Rule 59(e), so the court won't alter or amend its prior order.

The Receiver submitted an affidavit in support of his requested attorney's fees. Ms. Roach didn't respond or object to the affidavit. The court finds that the requested fees are fair and reasonable.

Accordingly, the court DENIES Ms. Roach's Protest Response [Doc. No. 1155]. The court awards attorney's fees in the sum of $19,301.25 to Mr. Katz and Shawn Sullivan, for which Ms. Roach and Agape & Associates, Inc. shall be jointly and severally liable.

SO ORDERED.

ENTERED:  November 21, 2019.

/s/ Robert L. Miller, Jr.
Judge, United States District Court